# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 10-776V
**Filed: October 5, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * *  <br>MARIA MIRANDA, legal representative of <br>a minor child, A.M., <br> <br>     Petitioner, <br> <br>v. <br> <br>SECRETARY OF HEALTH <br>AND HUMAN SERVICES, <br> <br>     Respondent. <br>* * * * * * * * * * * * * * | UNPUBLISHED <br> <br>Special Master Gowen <br> <br>Joint Stipulation on Damages; <br>DTaP vaccine; Encephalopathy; <br>Seizure Disorder. |

Cathy A. Klein, Cathy A. Klein, PC, Greenwood Village, CO, for petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

  On November 9, 2010, Maria Miranda ("petitioner") filed a petition on behalf of her minor child, A.M., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that as a result of receiving a Diptheria-Tetanus-acellular Pertussis ("DTaP") vaccine on December 21, 2007, A.M. suffered an encephalopathy and seizure disorder. Stipulation ¶ 2, 4, docket no. 94, filed Oct. 1, 2015. Further, petitioner alleged that A.M.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

experienced residual effects of these injuries for more than six months. Id. at ¶ 4.

On October 1, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that A.M.'s DTaP vaccination caused the onset of an encephalopathy or seizure disorder, denies that the vaccine caused his alleged injuries, and denies that A.M. experienced residual effects of his injuries for more than six months. Id. at ¶ 6. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

1) **A lump sum of $765,011.84, in the form of a check payable to Regions Bank, as trustee of the grantor reversionary trust established for the benefit of A.M.;**

2) **A lump sum of $399,462.82, which amount represents reimbursement of a lien for services rendered on behalf of A.M., in the form of a check payable jointly to petitioner and**

   **Department of Health Care Policy and Financing**
   **1570 Grant Street**
   **Denver, CO 80203-1818**
   **Attn: Heather R. Thompson**
   **State I.D. No: G459605**
   **Department Federal Tax I.D. No: 84-0644739**

   **Petitioner agrees to endorse this payment to the State; and**

3) **An amount sufficient to purchase an annuity contract to provide the benefits described in paragraph 10 of the joint stipulation, to be paid to a life insurance company meeting the criteria described in paragraph 9 of the stipulation.**

Id. at ¶ 8.

The undersigned approves the requested amounts for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

The clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                            <u>s/ Thomas L. Gowen</u>
                                            Thomas L. Gowen
                                            Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARIA MIRANDA, Legal Representative of a Minor Child, A.M., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 10-776V <br> Special Master Gowen <br> ECF |

STIPULATION

The parties hereby stipulate to the following matters:

1. Maria Miranda ("petitioner"), on behalf of her son, A.M., filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.M.'s receipt of the Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. A.M. received his immunization on or about December 21, 2007.

3. The vaccine was administered within the United States.

4. Petitioner alleges that A.M. suffers from an encephalopathy and seizure disorder as a result of his immunization and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

-1-

for damages on behalf of A.M. as a result of his condition.

6. Respondent denies that A.M. suffered the onset of an encephalopathy or seizure disorder as a result of his immunization; denies that the vaccine caused his alleged injuries; and denies that A.M. experienced the residual effects of these injuries for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $765,011.84, which amount represents compensation for first year life care expenses ($181,011.84) and trust seed funds ($584,000.00), in the form of a check payable to Regions Bank, as trustee of the grantor reversionary trust established for the benefit of A.M.;

   b. A lump sum of $399,462.82, which amount represents reimbursement of a lien for services rendered on behalf of A.M., in the form of a check payable jointly to petitioner and

   Department of Health Care Policy and Financing
   1570 Grant Street
   Denver, CO 80203-1818
   Attn: Heather R. Thompson
   State I.D. No: G459605
   Department Federal Tax I.D. No: 84-0644739

   Petitioner agrees to endorse this payment to the State; and

   c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of A.M., pursuant to which the Life Insurance Company will agree to make payments periodically to the trustee for the following items of compensation:

    a.    For future unreimbursable Rocky Mountain Preferred Provider Organization Premium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,783.76 to be paid up to the anniversary of the date of judgment in year 2028. Then, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $4,383.84 to be paid up to the anniversary of the date of judgment in year 2032. Then, on the anniversary of the date of judgment in year 2032, a lump sum of $4,401.36. Then, on the anniversary of the date of judgment in year 2033, a lump sum of $4,489.08. Then, on the anniversary of the date of judgment in year 2034, a lump sum of $4,594.32. Then, on the anniversary of the date of judgment in year 2035, a lump sum of $4,765.20. Then, on the anniversary of the date of judgment in year 2036, a lump sum of $4,905.48. Then, on the anniversary of the date of judgment in year 2037, a lump sum of $4,975.68. Then, on the anniversary of the date of judgment in year 2038, a lump sum of $5,080.92. Then, on the anniversary of the date of judgment in year 2039, a lump sum of $5,186.04. Then, on the anniversary of the date of judgment in year 2040, a lump sum of $5,251.80. Then, on the anniversary of the date of judgment in year 2041, a lump sum of $5,322.00. Then, on the anniversary of the date of judgment in year 2042, a lump sum of $5,357.04. Then, on the anniversary of the date of judgment in year 2043, a lump sum of $5,392.08. Then, on the anniversary of the date of judgment in year 2044, a lump sum of $5,427.24. Then, on the anniversary of the date of judgment in year 2045, a lump sum of $5,462.28. Then, on the anniversary of the date of judgment in year 2046, a lump sum of $5,532.36, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable Rocky Mountain Preferred Provider Organization Maximum Out-of-Pocket, Medicare Part B Premium, Medicare Part D, and Medicare Part D Deductible expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,528.00 to be paid up to the anniversary of the date of judgment in year 2047. Thereafter, beginning on the anniversary of the date of judgment in year 2047, an annual amount of $7,814.40 to be paid for the remainder of A.M.'s life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

c. For future unreimbursable Medicare Supplement expenses, beginning on the anniversary of the date of judgment in year 2047, an annual amount of $2,929.68 to be paid up to the anniversary of the date of judgment in year 2072. Thereafter, beginning on the anniversary of the date of judgment in year 2072, an annual amount of $2,138.28 to be paid for the remainder of A.M.'s life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

d. For future unreimbursable Nutritionist expenses, beginning on the first anniversary of the date of judgment, an annual amount of $150.00 to be paid up to the anniversary of the date of judgment in year 2047, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Sodium Bicarbonate and Miralax OTC expenses, beginning on the first anniversary of the date of judgment, an annual amount of $192.84 to be paid for the remainder of A.M.'s life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Shower Chair, Walker, Augmentative Communication Device, Exercise Mat, and Hand Held Shower expenses, on the anniversary of the date of judgment in year 2020, a lump sum of $2,906.51. Then, on the anniversary of the date of judgment in year 2025, a lump sum of $2,906.51. Then, on the anniversary of the date of judgment in year 2030, a lump sum of $2,216.52. Then, on the anniversary of the date of judgment in year 2035, a lump sum of $2,216.52. Thereafter, beginning on the anniversary of the date of judgment in year 2036, an annual amount of $443.31 to be paid for the remainder of A.M.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Mattress Protector, Enteral Feedings, Syringe, Diaper, Non-Sterile Glove, Wipe, Plastic Bed Sheet, and Portable Wheelchair Ramp expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,530.33 to be paid up to the anniversary of the date of judgment in year 2020. Thereafter, beginning on the anniversary of the date of judgment in year 2020, an annual amount of $3,929.51 to paid for the remainder of A.M.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Developmental and Therapeutic Toy expenses, on the anniversary of the date of judgment in year 2018, a lump sum of $500.00. Then, on the anniversary of the date of judgment in year 2024, a lump sum of $500.00, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

i. For future unreimbursable Case Management expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,400.00 to be paid up to the anniversary of the date of judgment in year 2029. Thereafter, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $1,020.00 to be paid for the remainder of A.M.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

j. For future unreimbursable Modified Vehicle expenses, on the anniversary of the date of judgment in year 2025, a lump sum of $42,000.00. Then, on the anniversary of the date of judgment in year 2035, a lump sum of $42,000.00. Thereafter, beginning on the anniversary of the date of judgment in year 2036, an annual amount of $4,200.00 to be paid for the remainder of A.M.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

k. For future unreimbursable Physical Therapy, Occupational Therapy, Speech Therapy, and Aqua Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $7,664.00 to be paid up to the anniversary of the date of judgment in year 2020. Then, beginning on the anniversary of the date of judgment in year 2020, an annual amount of $1,440.00 to be paid up to the anniversary of the date of judgment in year 2029, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

l. For future unreimbursable Unlicensed Level of Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $52,000.00 to be paid up to the anniversary of the date of judgment in year 2020. Then, beginning on the anniversary of the date of judgment in year 2020, an annual amount of $78,000.00 to be paid up to the anniversary of the date of judgment in year 2029. Thereafter, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $146,000.00 to be paid for the remainder of A.M.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

m. For future unreimbursable Respite LPN expenses, beginning on the first anniversary of the date of judgment, an annual amount of $37,440.00 to be paid up to the anniversary of the date of judgment in year 2029. Thereafter, beginning on the anniversary of the date of judgment in year 2029, an annual amount of $12,960.00 to be paid for the remainder of A.M.'s life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may

be provided to the trustee in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the trustee and do not require that the payment be made in one annual installment. The trustee will continue to receive the annuity payments from the Life Insurance Company only so long as A.M. is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human Services, the trustee, and the Life Insurance Company shall be provided within twenty (20) days of A.M.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for the benefit of A.M., as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of A.M.'s estate under the laws of the State of Colorado. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian(s)/conservator(s) of A.M.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.M. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/ conservator(s) of the estate of A.M. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity and as legal representative of A.M., on behalf of herself, A.M., and his heirs,

executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of A.M. resulting from, or alleged to have resulted from the DTaP vaccination administered on or about December 21, 2007, as alleged by petitioner in a petition for vaccine compensation filed on or about November 9, 2010, in the United States Court of Federal Claims as petition No. 10-776V.

18. If A.M. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioner hereby authorize respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that A.M. suffered the onset of an encephalopathy or seizure disorder as a result of his immunization; that the vaccine caused his alleged injuries; or that A.M. experienced the residual effects of these injuries for more than six months.

23. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of A.M.

END OF STIPULATION

/

Respectfully submitted,

**PETITIONER:**

*Maria Miranda*
MARIA MIRANDA

**ATTORNEY OF RECORD FOR PETITIONER:**

*Cathy A. Klein*
CATHY A. KLEIN, ESQ.
CATHY A. KLEIN, P.C.
~~8101 East Prentice Avenue, Suite 1000~~
~~Greenwood Village, CO 80111~~
(303) 72101200
27 Blue Heron Drive
Greenwood Village, Colo 80121

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*A. Melissa Houston*
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Jennifer L. Reynaud*
JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-1586

Dated: October 1, 2015