# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 10-776V
**Filed: May 5, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| MARIA MIRANDA, legal representative of a minor child, A.M., | * * * | |
| | * | Special Master Gowen |
| Petitioner, | * * | |
| v. | * | Attorneys' Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * | | |

Cathy A. Klein, Cathy A. Klein, PC, Greenwood Village, CO, for petitioner.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On November 9, 2010, Maria Miranda ("petitioner") filed a petition on behalf of her minor child, A.M., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving a Diptheria-Tetanus-acellular Pertussis vaccine on December 21, 2007, A.M. suffered an encephalopathy and seizure disorder. On October 1, 2015, the parties filed a stipulation in which they agreed to an award of compensation to petitioner. On October 5, 2015, the undersigned issued a decision adopting the

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

parties' stipulation for an award. See Decision on J. Stip., filed Oct. 5, 2015.

On April 7, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner's counsel requested attorneys' fees in the amount of $144,885.00[3] based on a total of 445.8 hours of work, at a rate of $325.00 an hour. See Supplement Billing Statements Part 1 and 3, docket no. 103, filed Apr. 7, 2016. Petitioner also requested attorneys' costs in the amount of $9,107.96. Id. Pursuant to General Order #9, petitioner's counsel represented that petitioner did not incur any out-of-pocket expenses related to this litigation. See Affidavit of Maria Miranda, docket no. 102-2, filed Apr. 7, 2016; Supplement Fee Agreement, docket no. 102-1, filed Apr. 7, 2016.

On April 25, 2016, respondent filed a response to petitioner's application for attorneys' fees and costs. Respondent indicated that she "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case;" and that she "she submits to the Special Master's sound discretion the determination of a reasonable fee award in this case, including the reasonable hourly rate(s) to be awarded to petitioners' counsel, the number of hours reasonably expended, and the reasonableness of the claimed litigation costs." Respondent's Response ("Response") at 2-3, filed Apr. 25, 2016. Respondent further provided that "[b]ased on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case, based upon the procedural history as set forth above, would fall between $40,000.00 and $60,000.00." Id. at 4. Respondent requested that the undersigned "exercise his discretion and determine a reasonable award for attorneys' fees and costs within that range." Id.

On May 3, 2016, petitioner's counsel filed a reply to respondent's response, arguing among other things, that the range suggested by respondent "bears no relationship to the amount of time required for this complicated case." Reply at 4-5. She further argued that respondent provided no references or discussion of the specifics for arbitrarily suggesting this range, in contrast to the "valid contemporaneous[ly] prepared billing statement prepared by petitioner's counsel for actual services rendered." Id. at 5. Petitioner's counsel averred that "all attorneys' fees and costs requested were billed contemporaneously, were necessary for the advancement of this case, and were reasonable considering the complicated medical and legal issues, as well as the client's language issues." Id. Counsel stated that her extensive pre-filing research and investigation signifies that this petition was filed in good faith, and that her efforts throughout this litigation resulted in a "substantial settlement for petitioner." Id. at 9.

With regard to costs, petitioner's counsel averred that she "negotiated with The Children's Hospital and other providers to provide extensive records, sometimes about two feet high, at a

---

[3] This amount represents petitioner's amended request for attorneys' fees, as stated in her reply to respondent's response to the application for fees and costs. In petitioner's application for fees and costs, there was a typographical error in the billing entry on January 11, 2013, described as: "Exchange e-mails with DOJ counsel." In response to this application, respondent noted that "this [entry] may be a typographical error, as she was only able to locate two short email exchanges with petitioner's counsel on that date." Response at n.3, filed Apr. 25, 2016. In her reply, petitioner's counsel acknowledged the typographical error noted by respondent, and withdrew her claim for this entry in its entirety. See Reply to Respondent's Response ("Reply") at 3, filed May 3, 2016.

significantly reduced rate, thus, again, keeping the costs in check for this case. Reply at 9. According to counsel, "[t]his was in addition to agreeing to a joint life care planner paid by respondent, securing gratis interpretation services, and meeting with some health care providers at no cost." Id. Counsel averred that her fees and costs, incurred from 2008 to the present date, are reasonable. Id.

Section 15(e) of the Vaccine Act provides that a "Special Master or Court shall also award as . . . compensation an amount to cover reasonable attorneys' fees, and other costs, incurred in any proceeding on [a] petition." §15(e)(1). The determination of reasonable attorneys' fees and costs is within the special master's discretion. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special masters may rely on their prior experience in reviewing fee applications. See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of HHS, 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

The undersigned has reviewed the billing records and documentation of costs. Counsel's requested hourly rate is reasonable, as she has been practicing law since 1988 and her hourly rate of $325.00 falls well within the range of hourly rates I found to be reasonable in the *McCulloch* decision for an attorney with her years' of experience. See *McCulloch v. Sec'y of HHS*, No. 09-293, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Additionally, the number of hours expended by petitioner's counsel are reasonable in light of the excellent result she achieved for her client in a complex case involving significant medical, legal, and language issues. The undersigned is satisfied that counsel made reasonable efforts to keep costs low by securing reduced or gratis services where she could. Notably, counsel has not billed for her time spent replying to respondent's remarks on this fee application. With regard to respondent's suggested range of fees and costs, the undersigned believes that the number of hours expended by counsel in preparing a given case is largely due to the individual complexities of the case, rather than to a type of disease or other general category of cases. The time records of counsel provide the best evidence of hours expended; and in this case, those hours and the hourly rate are reasonable.

Accordingly, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs in the amount of $153,992.96, pursuant to 42 U.S.C. § 300 aa-15(e).

An award should be made as follows:

**(1)** in the form of a check jointly payable to petitioner and to petitioner's attorney, **Cathy A. Klein, of Cathy A. Klein, PC, in the amount of $153,992.96.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance herewith.[4]

**IT IS SO ORDERED.**

                                                                               **s/ Thomas L. Gowen**
                                                                               Thomas L. Gowen
                                                                               Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.